UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DARNIAL CRAIG,

               Plaintiff,

v.

TREVOR KLEMMER and DANIEL CUSHING,

               Defendants.

Case No. 17-CV-288-JPS

**ORDER**

      Plaintiff, who is incarcerated at Waupun Correctional Institution ("Waupun"), filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $47.90. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's asserts claims against Trevor Klemmer ("Klemmer") and Daniel Cushing ("Cushing"), both correctional officers at Waupun during the relevant period, arising from an alleged incident of excessive force. On September 24, 2016, Plaintiff was being housed in the restrictive housing unit ("RHU") on observation because he was undertaking a hunger strike. (Docket #1 at 2). That day, an unnamed officer used an irritating chemical agent against an inmate in the cell across the hall from Plaintiff. *Id.* There was so much of the agent in the air that Plaintiff had trouble breathing and he requested medical treatment. *Id.*

He was then escorted by Klemmer and another officer (who is not named as a defendant here) to a shower stall in another wing of the prison. *Id.* During the walk to the shower, Plaintiff was shackled at the ankles. *Id.* at 2–3. He claims that the shackles were too tight and were placed against his

bare skin, causing him pain. *Id.* As they reached the shower stall, he asked the officers to loosen the shackles. *Id.* Klemmer then yelled at Plaintiff "not to push back," to which Plaintiff responded, "I am not pushing back, I am only asking a question." *Id.* at 3. Klemmer proceeded to push Plaintiff into the shower stall. *Id.* Plaintiff objected to being pushed, but Klemmer simply closed the stall door. *Id.* The officers did not loosen Plaintiff's leg shackles, which continued to cause him pain. *Id.*

Plaintiff alleges that after he was pushed, he became concerned that Klemmer might try to hurt him further during the return escort to his cell. *Id.* He claims that Klemmer has a history of assaulting inmates in the RHU who are shackled. *Id.* As a result, when a nurse and Cushing, the shift sergeant, came to the shower stall to provide Plaintiff medical care, Plaintiff pleaded with Cushing to have any guard but Klemmer escort him back to his cell because he was afraid of being attacked. *Id.* Cushing denied the request, stating that "whoever I end up sending is who will come get you." *Id.* at 4.

That person happened to be Klemmer, accompanied by another non-defendant officer, Sergeant Nelson ("Nelson"). *Id.* Plaintiff, fearful for his safety, refused to leave the shower stall until he could speak with Cushing or the security supervisor. *Id.* Nelson said, "you are coming out of that shower stall," and Klemmer pulled Plaintiff out. *Id.* at 4–5. During the return journey to Plaintiff's cell, the officers hurried Plaintiff along faster than he could comfortably walk in light of the leg shackles. *Id.* at 5. Plaintiff complained that they needed to slow down. *Id.*

Next, "without warning or provocation, Defendant Klemmer slammed Plaintiff face-first to the concrete floor," cutting Plaintiff's chin and causing

Page 4 of 9

Case 2:17-cv-00288-JPS   Filed 03/21/17   Page 4 of 9   Document 8

severe pain. *Id.* After Plaintiff was on the floor, Klemmer placed his forearm against Plaintiff's face and pushed hard, injuring Plaintiff's right eye. *Id.* Plaintiff was sent to see a nurse for his injuries, and while with her he lost consciousness. *Id.* The nurse, concerned about Plaintiff's low blood pressure, had prison staff take Plaintiff to a local hospital for further treatment. *Id.* at 6. Plaintiff's chin required stitches. *Id.*

On these allegations, Plaintiff asserts that Klemmer used excessive force against him, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment, and committed the Wisconsin torts of assault and battery and negligence. *Id.* at 8. Plaintiff claims that Cushing failed to intervene to protect him from Klemmer, also in violation of the Eighth Amendment, and that Cushing was negligent under Wisconsin law. *Id.* at 7–8.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). The Court finds that given the liberal construction required of Plaintiff's allegations at the screening stage, he has stated a claim

for excessive force against Klemmer, who allegedly caused Plaintiff severe harm without threat or provocation.

Plaintiff will also be permitted to proceed against Cushing on a failure to intervene theory. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Because personal involvement is required, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Nevertheless, liability may attach when a prison official consents to, facilitates, or turns a blind eye toward another's conduct. *Brokaw v. Mercer County*, 235 F.3d 1000, 1012 (7th Cir. 2000); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In such cases, the prison official must act "either knowingly or with deliberate, reckless indifference." *Jones v. City of Chicago*, 856 F.2d 985, 992–93 (7th Cir. 1988). In excessive force cases, this means that the officer in question had a realistic opportunity to step forward and prevent a fellow guard from using excessive force but failed to do so. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994); *Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005).

Here, although the mere fact that Cushing may have been Klemmer's supervisor is not enough to expose him to liability, Plaintiff's theory is that Cushing, knowing of the risk Klemmer presented to Plaintiff, nevertheless facilitated the attack by assigning Klemmer to escort Plaintiff back to his cell. Whether or not the evidence will bear this theory out, it appears to be a

cognizable theory on which Plaintiff can proceed against Cushing. *See Morfin v. City of Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003).

Finally, the Court will permit Plaintiff's state-law claims of assault and battery and negligence to proceed on the basis of its supplemental jurisdiction, *see* 28 U.S.C. § 1367(a), given the early stage of these proceedings. To prevail on a claim of negligence in Wisconsin, a plaintiff must prove that the defendants breached their duty of care and that he suffered injury as a result. *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). Under Wisconsin law, a battery is an unauthorized intentional contact with another. *McCluskey v. Steinhorst*, 173 N.W.2d 148, 151–52 (Wis. 1970). On the facts alleged, there is a sufficient basis to proceed through the screening stage on these state-law claims, which essentially mirror Plaintiff's constitutional claims, against both Defendants.

Thus, the Court finds that Plaintiff may proceed on the following claims arising out of the incidents on September 24, 2016: (1) use of excessive force, in violation of the Eighth Amendment, against Klemmer; (2) battery, in violation of Wisconsin law, against Klemmer; (3) negligence, in violation of Wisconsin law, against Klemmer; (4) failure to intervene to protect Plaintiff from Klemmer's use of excessive force, in violation of the Eighth Amendment, against Cushing; and (5) negligence, in violation of Wisconsin law, against Cushing. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendants;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendants shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his shall collect from Plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined;

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 21st day of March, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge